63746
## CAUSE NO. __-_____-__

| | |
|---|---|
| CHRISTOPHER KLINE,<br><br>              Plaintiff,<br><br>  — against—<br><br>KEESLER FEDERAL CREDIT UNION<br>AND TRANS UNION, LLC,<br><br>            Defendant(s). | IN THE DISTRICT COURT OF<br>88TH<br><br>HARDIN COUNTY,<br>TEXAS<br><br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Christopher Kline (hereinafter "Plaintiff"), by and through attorneys, the Law Offices of Robert S. Gitmeid & Associates, PLLC, by way of Complaint against Keesler Federal Credit Union ("Keesler") and Trans Union, LLC ("TransUnion") (together, "Defendants"), hereby alleges:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies.

1

2. Discovery is intended to be conducted under Level 2 of Tex.R.Civ.P. 190.

## PARTIES

3. Plaintiff, Christopher Kline, is an adult citizen of Texas.

4. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

5. Defendant Keesler is a corporation that furnishes consumer credit information to consumer reporting agencies.

6. Defendant TransUnion is a corporation that engages in the business of maintaining and reporting consumer credit information.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to Article V, Section 8 of the Texas Constitution and all other statutes or Texas Constitutional provisions that vest authority and jurisdiction in district courts. This Court has jurisdiction over both the parties and the subject matter of this suit.

8. This Court has personal jurisdiction over all the Defendants in the instant suit who reside or may be found in the State of Texas, or who have qualified to do business in the State of Texas and have appointed a registered agent to accept service of process. Additionally, the allegations which caused or contributed to the subject accident occurred within the confines of Hardin County, Texas.

9. The damages sought are within the jurisdictional limits of the Court.

10. Pursuant to Tex. Civ. Prac. & Rem. 15.001(a)(1) and (2), venue is proper because the present action has been instituted in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

Filed 12/16/2022 3:54 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Kim Langley

## FACTUAL ALLEGATIONS

11. Defendant Keesler issued a credit card account ending in 5889 to Plaintiff. The account was routinely reported on Plaintiff's consumer credit report.

12. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

13. On or about May 19, 2022, Plaintiff and Keesler entered into a settlement agreement for the above referenced account. A copy of the settlement agreement is attached hereto as **Exhibit A.**

14. Pursuant to the terms of the settlement, Plaintiff was required to make one lump sum payment totaling $2,400.00 to settle and close his Keesler account.

15. Plaintiff, via his debt settlement representative, timely made the requisite settlement payment.

16. However, months later, Plaintiff's Keesler account continued to be negatively reported.

17. In particular, on a requested credit report dated June 24, 2022, Plaintiff's Keesler account was reported with a status of "Charge Off," and a balance of $5,362.00. The relevant portion of Plaintiff's credit report is attached hereto as **Exhibit B.**

Filed 11/16/2022 3:54 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Kim Langley

18. This trade line was inaccurately reported. As evidenced by the settlement agreement and the proof of payment, the account was settled for less than full balance and must be reported as settled with a balance of $0.00.

19. On or about September 28, 2022, Plaintiff, via his attorney at the time, notified TransUnion directly of a dispute with completeness and/or accuracy of the reporting of Plaintiff's Keesler account. A redacted copy of this letter is attached hereto as **Exhibit C.**

20. Therefore, Plaintiff disputed the accuracy of the derogatory information reported by Keesler to TransUnion via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

21. In November 2022, Plaintiff requested an updated credit report for review. The tradeline for Plaintiff's Keesler account remained inaccurate, as Defendants failed to correct the inaccuracy. The relevant portion of the November 2022 credit report is attached hereto as **Exhibit D.**

22. TransUnion did not notify Keesler of the dispute by Plaintiff in accordance with the FCRA, or alternatively, did notify Keesler and Keesler failed to properly investigate and delete the tradeline or properly update the tradeline on Plaintiff's credit reports.

23. If Keesler had performed a reasonable investigation of Plaintiff's dispute, Plaintiff's Keesler account would have been updated to reflect a "settled" status with a balance of $0.00.

24. Despite the fact that Keesler has promised through its subscriber agreements or contracts to accurately update accounts, Keesler has nonetheless willfully,

4

Filed 11/16/2022 3:54 PM
Dana Hogg, District Clerk
Hardin County, Texas
By: Kim Langley

maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

25. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began with TransUnion.

26. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

27. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## CLAIM FOR RELIEF

28. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

29. TransUnion is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

5

30. Keesler is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

31. Keesler is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

32. Plaintiff notified Defendants directly of a dispute on the account's completeness and/or accuracy, as reported.

33. Keesler failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff and the credit bureaus within the 30-day statutory period as required by 15 U.S.C. § 1681s-2(b).

34. Keesler failed to promptly modify the inaccurate information on Plaintiff's credit report in violation of 15 U.S.C. § 1681s-2(b).

35. TransUnion failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.

36. TransUnion failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

37. As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one or more of the following categories: lower credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application,

6

higher interest rates on loan offers that would otherwise be affordable, and

other damages that may be ascertained at a later date.

38. As a result of the above violations of the FCRA, Defendants are liable to

Plaintiff for actual damages, punitive damages, statutory damages, attorney's

fees and costs.

**WHEREFORE,** Plaintiff demands that be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury in this action of all issues so triable.

Respectfully Submitted,

**LAW OFFICES OF ROBERT S. GITMEID & ASSOCIATES, PLLC**

/s/ Afton Parker
Afton Parker, Esquire (Bar No. 24091349)
180 Maiden Lane, 27th Floor
New York, NY 10038
(212) 226-5081
Afton.P@gitmeidlaw.com
*Counsel for Plaintiff*

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Afton Parker on behalf of Afton Parker
Bar No. 24091349
afton.parker@me.com
Envelope ID: 70279797
Status as of 11/17/2022 3:12 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Afton Parker | | afton.parker@me.com | 11/17/2022 2:21:10 PM | SENT |